JOHN M'KEE *v.* Executors of ELEAZER MYERS.

THIS was an action of *affumfit* founded on an order
in the words following :—" *March* 21ft, 1788—
Sir, I make bold to trouble you to let *John M'Kee* have
to the amount of one hundred pounds in certificates on
my account, if he ftands in need of it, and this fhall be
your receipt from your friend, *Eleazer Mires*.—To
Col. *John Irwin*." *E. Myers* died. *John Irwin*, to
whom the order is directed, is one of the executors and,
having fince refufed to fatisfy the order, this action was
brought.

Proof having been made, that *Myers* had defired one
*Robert M'Kee* to write an order to this effect, and fign
his name to it ; *Woods*, for the plaintiff, was proceeding
to read the order ; when *Brackenridge*, for the defend-
ant, objected to its being read, unlefs *Robert M'Kee*
who wrote it, were called, to prove that he wrote it,
agreeably to the directions of *Myers*, and figned *Myers'*
name to it, by his authority ; and that the order now
produced was the order written at the time the witnefs
fpoke of, and that the name of *Myers* was in *Robert
M'Kee's* hand writing, and by the authority of *Myers*.
*Robert M'Kee*, being uninterefted, and the beft witnefs,
muft be here. Mr. *Brackenridge* ftrongly hinted, that

1792. it was a forgery, and that *Robert M'Kee* would not dare to swear to it.*

*Woods*, for the plaintiff. There is no subscribing witness ; and proof of hand writing is enough.

PRESIDENT. This is not the case of a note or order subscribed by the maker or drawer : in that case, if there be no subscribing witness, proof of hand writing is sufficient. Here the person who wrote the note, and subscribed the name, is uninterested, is the best witness, and ought to be here. However, as the objection might have been unexpected, appeared new, and might have been supposed to deserve less weight, than has been given to it ; it would be best to withdraw a juror by consent.

This was done : and this case was tried again, at *December* term, 1792 ; when *Robert M'Kee* attended, and proved this order to have been written and signed by him, at the request of *Myers*, and exactly as he dictated. It was also proved, that *John Irwin* was, at that time, in Philadelphia, and had in his hands certificates the property of *Myers* ; which *John M'Kee* wanted to pay for land warrants. But before *John M'Kee* arrived at *Philadelphia* with the order, *John Irwin* had left the city ; and the order was never presented, till in the spring of the year 1790, after the death of *Myers*. The plaintiff also proved the payment of 14*l.* to one *Murphy*, in 1787 or 1788, on account of *Myers*, which, it was now asserted, on the part of the plaintiff, was the consideration for this order or part of it. But the defendants proved, that in the fall of the year 1789, *J. M'Kee* and *E. Myers* settled all their accounts, when there was a balance found due to *Myers*, for which *M'Kee* gave his note, with a receipt in full for all debts, dues, and demands ; which was produced, dated 16th *November*, 1789. Between *March* 1788, and the spring of 1790, *J. M'Kee* had often applied to *J. Irwin*, to do business for him, in the land office, and had often complained of disappointment in certificates—once wrote him a letter, and sent him certificates to do his business ; but never mentioned this order, till the spring of 1790, after the death of *Myers*.

* *Robert M'Kee* was, in fact, then indicted for forgery. —See next case.

PRESIDENT. This order appears to be but an *authority* to receive the certificates, and this, not being exercised in the life time of *Myers*, expired by his death, which transferred to his executors all his property in the certificates. As to the 14*l*. paid to *Murphy*, it was included in the settlement of accounts, and releafed by the receipt of 16th *November*, 1789. Therefore no intereft remains in *M'Kee*, from the order, and there ought to be a verdict for the defendant.

The plaintiff then fuffered a nonfuit.